UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA GRANDERSON #269893, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:23-cv-01031 |
| v. | ) |
| | ) |
| MICHAEL GRAULAU, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Joshua Granderson, a pretrial detainee in the custody of the Downtown Detention Center in Nashville, Tennessee, has filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil and constitutional rights. (Doc. No. 1). Plaintiff paid the full civil filing fee. (Doc. No. 10). The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SCREENING OF THE COMPLAINT

### A. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**B. Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**C. Facts Alleged by Plaintiff**

Plaintiff submitted a supplement to his complaint. (Doc. No. 4). The Court relies upon allegations from both the complaint and the supplement herein. Plaintiff's allegations are assumed true for purposes of the required PLRA screening.

On March 31, 2023, "while [Plaintiff was] sitting on a bunk, in a locked cell, handcuffed to the back" and wearing only his boxer shorts, Officer Michael Graulau and/or Sergeant Jeffrey Andrews instructed Plaintiff to move so his handcuffs could be removed. Plaintiff explained that

2

Case 3:23-cv-01031    Document 11    Filed 04/30/24    Page 2 of 7 PageID #: 58

he did not want to get up from his bunk "because [he] was dizzy due to not eating for 3 days." (Id.) Then the "red use of force camera [was] pointed in [Plaintiff's] cell threw [sic] the cell window. Once at the cell door[,] the pie flap was opened and the metal 'Cell Buster' spray nozzle was aimed at [Plaintiff's] face by Lieutenant Graulau." (Doc. No. 1-1 at 1). Defendant Graulau then sprayed Plaintiff in the face, and Sergeant Andrews asked Plaintiff if he was "ready to give up the handcuffs." (Id.). According to Plaintiff, Lieutenant Graulau sprayed Plaintiff in the face "for no reason other than DCSO policy allows him to. Also it is my belief that this was done maliciously and sadistically to cause harm and was very objectively unreasonable." (Doc. No. 4 at 2).

Plaintiff later was taken to be examined by "Nurse Jenifer" while wearing only his boxers with his "genitals exposed." (Id. at 2). When Plaintiff was returned to his cell, Lieutenant Graulau made Plaintiff lie on his stomach and threatened "that if [Plaintiff] tried to get up before they left the cell [Plaintiff] would be sprayed with 'cell buster' again.'" (Id.)

**D. Analysis**

Plaintiff names three Defendants to this action: the Metropolitan Government of Nashville and Davidson County ("Metro"), Lieutenant Michael Graulau in his individual and official capacities, and Sheriff Daron Hall in his official capacity. Plaintiff alleges excessive force claims against these Defendants under Section 1983.

    1. <u>Claims against Lieutenant Graulau in his individual capacity</u>

From the complaint, it appears Plaintiff was a pretrial detainee at the time of the alleged use of excessive force. The legal status of an alleged victim of excessive force is significant because the conduct of the offending officer must be analyzed under the standard appropriate to the applicable constitutional provision.

Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014) (quoting Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." Cordell, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The heightened Eighth Amendment standard acknowledges that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" Id. (quoting Combs v. Wilkinson, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

The Fourteenth Amendment's Due Process Clause protects a pretrial detainee—as opposed to a convicted prisoner—from the use of excessive force that amounts to punishment. See Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015). A pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable to demonstrate that it was excessive in violation of the Fourteenth Amendment's Due Process Clause. See id. "The Supreme Court has recently clarified . . . that when assessing pretrial detainees excessive force claims we must inquire into whether the plaintiff shows 'that the force purposefully or knowingly used against him was objectively unreasonable.'" Coley v. Lucas Cnty., Ohio, 799 F.3d 530, 538-39 (6th Cir. 2015) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015)).

Here, the Fourteenth Amendment analysis applies because Plaintiff is a pretrial detainee. Based on the allegations in the complaint pertaining to his use of pepper spray against Plaintiff,

4

the Court finds that the complaint states a colorable Fourteenth Amendment excessive force claim under Section 1983 against Lieutenant Graulau in his individual capacity. These allegations warrant further factual development.

2. Claims against Metro and Defendants in their official capacities

The Court now moves to Plaintiff's claims against Metro and Defendants Graulau and Hall in their official capacities.

When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." Pusey v. City of Youngstown, 11 F.3d 652, 657 (6th Cir. 1993). Here, the complaint alleges that Defendants Graulau and Hall are employees of the Davidson County Sheriff's Office. (Doc. No. 1 at 2-3). However, "[t]he Davidson County Sheriff's Office is not a suable entity, but is a division of the Metropolitan Government of Nashville and Davidson County." Armstrong v. Davidson Cnty. Sheriff's Office, No. 3:14-cv-02033, 2015 WL 1293299, at *2 (M.D. Tenn. Mar. 23, 2015). Thus, the claims against Defendants Graulau and Hall in their official capacities are claims against Metro.

A a claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by Metro or its agent. Monell Dep't of Social Svcs., 436 U.S. 658, 690-691 (1978). For Metro to be liable Plaintiff under Section 1983, there must be a direct causal link between an official Metro policy or custom and the alleged violation of Plaintiff's constitutional rights. City of Canton v. Harris, 489 U.S. 378, 385 (1989); Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir. 2013) (citing Monell, 436 U.S. 658, 693); Regets v. City of Plymouth, 568 F. App'x 380, 393 (6th Cir. 2014) (quoting Slusher v. Carson, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy

5

or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Metro under Section 1983. The complaint does not identify or describe any of the Metro's policies,[1] procedures, practices, or customs relating to the incident at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Metro on notice of a problem. See Okolo v. Metro. Gov't of Nashville, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012). Consequently, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Metro. Plaintiff's Section 1983 claims against Defendants Graulau and Hall in their official capacities (which are actually claims against Metro) and Plaintiff's claims against Metro therefore must be dismissed.

## II. CONCLUSION

Having conducted the screening required by the PRLA, the Court finds that the complaint states a colorable Fourteenth Amendment excessive force claim under Section 1983 against Michael Graulu in his individual capacity. Plaintiff will have an opportunity to develop this claim.

However, the excessive force claims against Defendants Graulau and Hall in their official capacities fail to state claims upon which relief can be granted under Section 1983. Likewise, the

---

[1] Although the complaint alleges that a Davidson County Sheriff's Office policy permits officers to use pepper spray, the complaint further alleges that the "cell buster spray" is "only supposed to be sprayed in cells and not on people." (Doc. No. 1-1 at 2). Therefore, by alleging that Defendant Graulau sprayed Plaintiff in the face, the complaint alleges that Graulau acted in contravention of, not consistent with, a Metro policy.

6

Case 3:23-cv-01031   Document 11   Filed 04/30/24   Page 6 of 7 PageID #: 62

excessive force claim against Metro fails to state Section 1983 claims upon which relief can be granted. Accordingly, those claims are **DISMISSED**.

Consequently, the Clerk is instructed to send Plaintiff a service packet (a blank summons and USM 285 form) for the remaining Defendant (Graulau). Plaintiffs **MUST** complete the service packet and return it to the Clerk's Office within 30 days of the date of entry of this Order. Upon return of the service packet, **PROCESS SHALL ISSUE** to the remaining Defendant.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court. The Court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for seasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE