IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| JOSHUA GRANDERSON | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-01031 |
| | ) | |
| MICHAEL GRAULAU | ) | |

TO:   Honorable Waverly D. Crenshaw, Jr., United States District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Memorandum Opinion and Order entered April 30, 2024 (Docket Entry No. 11), this *pro se* civil rights action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment of Defendant Michael Graulau (Docket Entry No. 23). Plaintiff has not responded to the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and this action be **DISMISSED**.

### I.   BACKGROUND

Joshua Granderson ("Plaintiff") filed this *pro se* lawsuit on October 2, 2023, seeking damages under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. *See* Complaint (Docket Entry No. 1). Plaintiff's lawsuit is based upon events that occurred when he was a pretrial detainee in the custody of the Davidson County, Tennessee Sheriff's Office ("DCSO") and was confined at the Downtown Detention Center ("DDC") in Nashville,

1

Tennessee. Plaintiff has since been released from custody and resides in Nashville. *See* Notice of Change of Address (Docket Entry No. 12).

In his complaint and a supplement (Docket Entry No. 4), Plaintiff alleges that, on March 31, 2023, he was handcuffed in his cell and sitting on his bed in his boxer short when he was instructed by officers to get up and come to the door to have the handcuffs removed. He asserts that he explained to officers that he did not want to get up because he felt dizzy. Plaintiff contends that Lt. Michael Graulau ("Graulau" or "Defendant") then sprayed a chemical spray called "cell buster" at his face through the pie-flap opening in the cell door for 2-3 seconds. Plaintiff alleges that no warning was given to him prior to the use of the chemical spray and that the spray caused his eyes to feel frozen shut and caused extreme burning of his eyes and face. Plaintiff subsequently submitted to having his handcuffs removed, was taken to see the medical staff, and was returned to his cell. He alleges that he posed no threat of harm at the time of the incident and that the use of the chemical spray against him was unnecessary and excessive and that it also was not in compliance with DSCO policy about use of the spray, which does not permit it to be sprayed in an inmate's face.

Upon initial review of the complaint under 28 U.S.C. §§ 1915(A)(b) and 1915(e)(2), the Court permitted the lawsuit to proceed on a Fourteenth Amendment excessive force claim against Graulau in his individual capacity but dismissed Plaintiff's official capacity claims against Graulau and the Davidson County Sheriff and dismissed Plaintiff's municipal liability claim against the Metropolitan Government of Nashville and Davidson County. (Docket Entry No. 11 at 6-7.) After Defendant Graulau filed an answer (Docket Entry No. 18), a scheduling order was entered that provided for a period of discovery and pretrial activity in the action. (Docket Entry No. 19.) There are no motions pending in the case other than Defendant's motion

for summary judgment. A trial has not yet been scheduled in the case pending resolution of the instant motion for summary judgment.

## II. MOTION FOR SUMMARY JUDGMENT

In accordance with the scheduling order deadlines, Defendant Graulau filed the pending motion for summary judgment on February 27, 2025. Defendant supports his motion with: (1) a statement of undisputed material facts (Docket Entry No. 25); (2) his own declaration (Docket Entry No. 27) and the declaration of DCSO Classification Manager Beth Gentry (Docket Entry No. 26); (3) a copy of institutional video footage of the incident (Docket Entry No. 32); (4) Plaintiff's deposition transcript (Docket Entry No. 23-9); and, (5) copies of several DCSO institutional records, reports, and policies (Docket Entry Nos. 23-1 through 23-8).

Defendant acknowledges that an incident involving Plaintiff and officers at the DDC occurred on March 31, 2023, during which Defendant deployed a short burst of a chemical spray into Plaintiff's cell. However, contrary to Plaintiff's contention that the use of the chemical spray was unwarranted, Defendant asserts that the undisputed facts show that Plaintiff, who was in the Restrictive Housing Unit under a disciplinary status at the time, had been non-compliant, combative, and threatening to officers during and after a search of his cell that preceded the incident and that he was left in his cell in handcuffs because of his threatening behavior toward the officers. Defendant maintains that the undisputed facts show that, over the course of the next several hours, Plaintiff was monitored and asked by officers on multiple occasions to approach the pie-flap opening of his cell door to have the handcuffs removed but refused the officer's directives. Defendant contends that it eventually became necessary to remove Plaintiff's handcuffs and that the chemical spray was used after Plaintiff refused a final directive to permit his handcuffs to be removed. Defendant further contends that the use of the chemical spray was

3

necessary under the circumstances, was the safest method of gaining Plaintiff's compliance, and was used in a limited and controlled manner that gained Plaintiff's compliance but caused him to suffer minimal harm. In addition to attacking the merits of Plaintiff's claim, Defendant raises the affirmative defense of qualified immunity.

Plaintiff was notified of the motion, informed of the need to respond, and given an extended deadline of April 4, 2025, to file a response. Order entered March 14, 2025 (Docket Entry No. 33). Plaintiff was specifically warned that his failure to file a timely response could result in the dismissal of the action. Despite being given more time to file a response than the twenty-one day response time that is provided for by the Local Rules, Plaintiff has not filed a response of any kind to the motion.

### III. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A genuine issue of material fact is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. Once the moving party has presented evidence sufficient to support a motion for summary judgment, the non-moving party must present significant probative evidence to support the complaint. *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the

proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875 (2000). The Court must view the evidence and all inferences drawn from underlying facts in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

## IV.  ANALYSIS

### A. Constitutional Standards

A claim brought under 42 U.S.C. § 1983 requires Plaintiff to show: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted). In the instant case, Plaintiff's claim arose while he was held in custody as a pretrial detainee. The Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015).

To succeed on a Fourteenth Amendment excessive force claim, a pretrial detainee must show that an officer used force against him and that the conduct was "objectively unreasonable." *Id*. at 389. The inquiry is highly fact-dependent and must take into account the "perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. Whether there was excessive force depends on whether the conduct was objectively reasonable under the specific circumstances of the case. Considerations include (1) "the relationship between the need for the use of force and the amount of force used"; (2) "the extent of the plaintiff's injury"; (3) "any effort made by the officer to temper or to limit the

5

amount of force"; (4) "the severity of the security problem at issue"; (5) "the threat reasonably perceived by the officer"; and, (6) "whether the plaintiff was actively resisting." *Id*. at 397.

## B. Qualified Immunity

Qualified immunity protects government officials from civil damages "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.'" *Reich v. City of Elizabethtown, Ky.*, 945 F.3d 968, 977 (6th Cir. 2019) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018)). The doctrine of qualified immunity "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id*. at 978 (internal quotations omitted) (citing *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009)). Once raised by the defendant, the plaintiff bears the burden to show qualified immunity does not apply. *Id*.; *see also Gambrel v. Knox Cty, Kentucky*, 25 F.4th 391, 399 (6th Cir. 2022). The Court may address the prongs of the qualified immunity analysis in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

## C. Plaintiff's Claim

Although the allegations in Plaintiff's pleadings were sufficient to permit the lawsuit to survive initial frivolity review with respect to the claim against Defendant Graulau, Plaintiff has not responded to the arguments for summary judgment made by Defendant. Plaintiff's failure to take action to defend against Defendant's request for summary judgment can be viewed as an indication that he does not oppose the dismissal of his lawsuit and/or that he has abandoned his claims. *Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *see also Scott v. State of Tennessee*, 878 F.2d

6

Case 3:23-cv-01031   Document 35   Filed 04/16/25   Page 6 of 10 PageID #: 236

382, 1989 WL 72470 at *2 (6th Cir. 1989) (unpublished table decision) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

Additionally, after review of the motion and the record, the Court finds that Defendant's unrebutted arguments are legally sound and require that the motion be granted. When a motion for summary judgment is filed and properly supported under Rule 56, such as Defendant's motion is here, the non-moving party may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of genuine issues of material fact that requires that the action proceed to trial. *Celotex Corp.*, 477 U.S. at 323-24; *see also Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The Court cannot supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000). *See also Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) and *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("it seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion."). Plaintiff has also not responded to Defendant's statement of undisputed material facts as required by Local Rule 56.01(f), which permits to the Court to rely upon the facts set forth in the statement as the undisputed facts.

7

When the defense of qualified immunity is asserted by a defendant, the plaintiff bears the burden of overcoming the defense and affirmatively showing that the defendant is not entitled to qualified immunity. *Mosier v. Evans*, 90 F.4th 541, 546 (6th Cir. 2024); *McDonald*, 814 F.3d at 812; *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013). Plaintiff's failure to respond to Defendant's assertion of qualified immunity is itself a sufficient basis upon which to grant the motion for summary judgment based on qualified immunity. *Mosier v. Evans*, 90 F.4th 541, 548 (6th Cir. 2024) (the defendant is entitled to qualified immunity because the plaintiff's cursory briefing makes no attempt to meet his burden of showing that the defendant violated his clearly established rights); *Winter v. City of Westlake, Ohio*, 2018 WL 838283, at *9 (N.D. Ohio Feb. 13, 2018) ("Having moved for qualified immunity, Defendants have raised the defense and Plaintiffs' failure to respond militates in favor of judgment for Defendants since Plaintiffs have not met their burden.").

Furthermore, given the undisputed facts that are before the Court, there is insufficient evidence to support a reasonable conclusion that a constitutional violation occurred. When a plaintiff fails to point to evidence that is sufficient to support a finding that a constitutional violation occurred, he has necessarily failed to carry his burden of defeating a qualified immunity defense. *Doe v. Miami Univ.*, 882 F.3d 579, 604 (6th Cir. 2018) ("If either prong is not met, then the government officer is entitled to qualified immunity."); *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009) ("If plaintiff fails to show either that a constitutional right was violated or that the right was clearly established, she will have failed to carry her burden.").

The mere fact that a measure of force was used against Plaintiff does not itself support a claim that a constitutional violation occurred. Defendant presents undisputed evidence that

8

Plaintiff was combative and verbally threatening toward officers on the day in question, which required that Plaintiff be placed in his cell in handcuffs, and that he subsequently refused multiple verbal orders from officers to permit his handcuffs to be removed. *See* Declaration of Graulau (Docket Entry No. 27); Statement of Undisputed Material Facts (Docket Entry No. 25) at ¶¶ 2-14. Defendant also sets forth undisputed evidence that the chemical spray was used in a controlled and limited manner in an attempt to gain Plaintiff's compliance with verbal orders and was used as an alternative to a physical interaction between officers and Plaintiff to remove the handcuffs. *Id.* Finally, there is no evidence that Defendant Graulau acted in a manner that was objectively excessive or unreasonable given the circumstances or that the use of the chemical spray was intended as punishment or was gratuitous. Instead, the only evidence before the Court is that Defendant Graulau's actions caused only minor harm to Plaintiff and were objectively reasonable and necessary under the circumstances and were consistent with the need to preserve internal order and discipline and maintain institutional security at the DDC. *See Kingsley*, 576 U.S. at 397; *Bell v. Wolfish*, 441 U.S. 520, 540, 547 (1979).

The Court has reviewed this evidence and finds that no reasonable jury could find in Plaintiff's favor at trial based on this evidence. Plaintiff is not entitled to a trial on his claim merely on the basis of the unsupported allegations of his complaint. *Goins*, *supra.* Plaintiff must buttress his allegations with actual evidence that supports his claim and that would allow a reasonable jury to find in his favor. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). He has not done so. Based on the evidence that is before the Court, no reasonable jury could find that Defendant Graulau acted in a manner that was inconsistent with Plaintiff's constitutional rights as a pretrial detainee. *See Kingsley*, *supra*.

9

# R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully **RECOMMENDED** that the motion for summary judgment (Docket Entry No. 23) of Defendant Michael Graulau be **GRANTED** and that this action be **DISMISSED WITH PREUDICE**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge